UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO ORTIZ,

                Plaintiff,

-v-

DEPARTMENT OF CORRECTION OF THE
CITY OF NEW YORK, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08

No. 08 Civ. 2195 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Angelo Ortiz, presently incarcerated at Sing Sing Correctional Facility in Ossinging, New York, and proceeding *pro se*, brings this action against defendants Department of Correction of the City of New York (the "DOC"), "Officer Hernandez," "Officer Sweeten," "Officer Harris," "Officer Deputy Jane Doe," and "Officer Captain Jane Doe." (*See* Compl.) Plaintiff asserts in his complaint that he was exposed to human waste in his cell while being held at Rikers Island from December 3, 2007 to December 14, 2007. Plaintiff alleges that he suffered physical injury as a result of this exposure and seeks money damages.

    Plaintiff filed this action on March 5, 2008. The DOC was served with the summons and complaint on June 17, 2008 and filed an answer on August 8, 2008. However, to date, plaintiff has failed to serve any of the individual defendants, and his time for service of the complaint has expired.

    "[T]he district court has a duty to assist *pro se* plaintiffs in ascertaining the identities of the defendants, particularly where . . . the plaintiff is incarcerated and cannot carry out a full pretrial investigation." *Robinson v. Matos*, No. 97 Civ. 7144 (TPG), 1999 WL 225938 at *4 (S.D.N.Y. Apr. 16, 1999); *see Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that "the district court may pursue any course that it deems appropriate to a further inquiry into the identity of [a defendant]"). Moreover, a district court is permitted to extend the deadline for

service of a complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for "good cause."

The Court finds that good cause exists for failure to serve the complaint in a timely manner — namely, that plaintiff has been unable to fully identify all defendants. Accordingly, the Court directs the DOC to assist plaintiff in identifying the officers who came into contact with plaintiff as described in his complaint, and to provide him and this Court, **within 45 days** of this Order, with each officer's name and last known address. *See Flemming v. Velardi*, No. 02 Civ. 4113 (AKH), 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003) (construing letter and motion for summary judgment from *pro se* prisoner-plaintiff as leave to amend complaint and request for discovery of ten unnamed defendant police officers' identities, and directing government attorney to provide plaintiff with the name and last known address for plaintiff's arresting officers).

Once informed of defendants' identities and addresses, plaintiff must file an amended complaint identifying all defendants by their full names **no later than 30 days** after receiving the names from the DOC. Plaintiff must then request an amended summons and a new service package from the *Pro Se* Office of this Court. Upon receiving those documents, plaintiff must fill out the forms and provide the Marshals with the proper documents so that they may serve the summons and amended complaint. If plaintiff would like further assistance, he may contact the *Pro Se* Office of this Court at 500 Pearl Street, Room 230, New York, New York 10007,

telephone (212) 805-0175. **Failure to comply with this deadline may result in the dismissal of plaintiff's complaint against the individual defendants pursuant to Rule 41.**

SO ORDERED.

Dated:  August 25, 2008
        New York, New York

                                            _____
                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE