UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANGELO ORTIZ,                              :

                    Plaintiff,    :
                                                     08 Civ. 2195 (RJS)(HBP)
       -against-                  :
                                                     MEMORANDUM
DEPARTMENT OF CORRECTION OF       :          OPINION AND ORDER
THE CITY OF NEW YORK, et al.,
                                  :

                    Defendant.
                                  :
----------------------------------X


            PITMAN, United States Magistrate Judge:


            By notice of motion dated October 11, 2009 (Docket Item

38) plaintiff, who is incarcerated, moves for pro bono counsel.[1]

For the reasons set forth below, the motion is denied.

            The factors to be considered in ruling on a motion for

pro bono counsel are well settled and include "the merits of

plaintiff's case, the plaintiff's ability to pay for private

counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

ity of counsel, and the plaintiff's ability to gather the facts

---

            [1]In a civil case, such as this, the Court cannot actually
"appoint" counsel for a litigant.  Rather, in appropriate cases,
the Court submits the case to a panel of volunteer attorneys.
The members of the panel consider the case, and each decides
whether he or she will volunteer to represent the plaintiff.  If
no panel member agrees to represent the plaintiff, there is
nothing more the Court can do.  See generally Mallard v. United
States District Court, 490 U.S. 296 (1989).  Thus, even in cases
where the Court finds it is appropriate to request volunteer
counsel, there is no guarantee that counsel will actually
volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A.
Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he
factor which command[s] the most attention [is] the merits."
Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203
(S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366
F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the
Court of Appeals:

> Courts do not perform a useful service if they appoint
> a volunteer lawyer to a case which a private lawyer
> would not take if it were brought to his or her atten-
> tion.  Nor do courts perform a socially justified
> function when they request the services of a volunteer
> lawyer for a meritless case that no lawyer would take
> were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also
Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In
deciding whether to appoint counsel . . . the district judge
should first determine whether the indigent's position seems
likely to be of substance.'").

The Court of Appeals for the Second Circuit has

> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.  In
> Hodge [v. Police Officers], 802 F.2d 58 (2d Cir. 1986)],
> [the court] noted that "[e]ven where the claim is not
> frivolous, counsel is often unwarranted where the
> indigent's chances of success are extremely slim," and
> advised that a district judge should determine whether
> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."  Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).  In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the

test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's claim arises from allegedly unsanitary conditions he was subjected to while in the custody of the New York City Department of Correction and incarcerated at Rikers Island.  The Second Amended Complaint alleges that on three occasions between December 3 and December 14, 2007, the toilet in plaintiff's cell overflowed and contaminated the cell with the products of elimination.  The Second Amended Complaint appears to allege that the problem was the result of a problem in the drains that the Department of Correction was attempting to address; according to the Second Amended Complaint, plaintiff was told a plumber had been called.  It also appears from the Second Amended Complaint that plaintiff and inmates from other affected cells were removed to other locations during the worst of the flooding. Plaintiff also alleges that after the flooding, he was not given appropriate equipment (an unspecified "mask" and gloves) to clean his cell.  Finally, the complaint does not explain how any of the named defendants were responsible for the unsanitary conditions alleged by plaintiff.

Although plaintiff's application adequately establishes that plaintiff lacks the funds to retain counsel, it fails to address any of the other relevant factors.  Plaintiff does not

3

describe any efforts to locate counsel on his own, nor does he set forth any reason why he is unable to prepare and try the case on his own.[2]  Most importantly, plaintiff makes no attempt to demonstrate that his case has sufficient merit to warrant its being added to the list circulated to the Pro Bono Panel. Although incarceration under conditions that result an inmate's chronic exposure to human waste appears to give rise to a colorable Eighth Amendment violation, see Whitnack v. Douglas Co., 16 F.3d 954, 958 (8th Cir. 1994); Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991); LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972), the Second Amended Complaint seems to allege a temporary problem that the Department of Correction attempted to address through repairs and the temporary relocation of inmates away from the affected area.  Although the ultimate merit of the complaint cannot be determined at this time, it appears at least arguable that the problem that gives rise to the complaint may have been a transitory problem that is fairly characterized as a "minor inconvenience[] of prison life which '[is] part of the penalty that criminal offenders pay for their offenses against society.'"  Wesolowski v. Kamas, 590 F. Supp. 2d 431, 434 (W.D.N.Y. 2008), quoting Anderson v. Coughlin, 757 F.2d

---

[2]I appreciate that plaintiff is incarcerated and lacks legal training.  However, if these hardships alone were sufficient to satisfy this factor, the factor would be satisfied in virtually all inmate litigation and would quickly have little meaning.

33, 35 (2d Cir. 1985) (dismissing a prisoner's Section 1983 claim arising out of, <u>inter alia</u>, an overflowing toilet); <u>see also</u> <u>Howard v. Adkison</u>, 887 F.2d 134, 137 (8th Cir. 1989) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." (inner quotations omitted)).   Moreover, the Second Amended Complaint does not explain how the individual defendants are responsible for the alleged plumbing problem that underlies the complaint.   <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 886 (2d Cir. 1991) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (inner quotations omitted)); <u>accord</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994).

Accordingly, plaintiff's motion (Docket Item 38) to have his case added to the list of cases circulated to the <u>Pro Bono</u> Panel is denied without prejudice to renewal.   Any renewed motion should address the factors identified above.

Dated:   New York, New York
         November 16, 2009

                            SO ORDERED


                            _____
                            HENRY PITMAN
                            United States Magistrate Judge

Copies mailed to:

Mr. Angelo Ortiz
DIN 07-A-6984
Mohawk Correctional Facility
6100 School Road
P.O. Box 8451
Rome, New York  13442-8451

Steven D. Weber, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007