```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ANGELO ORTIZ,                       :

                Plaintiff,          :
                                         08 Civ. 2195 (RJS)(HBP)
     -against-                      :
                                         REPORT AND
DEPARTMENT OF CORRECTION OF         :    RECOMMENDATION
THE CITY OF NEW YORK, et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE RICHARD J. SULLIVAN, United States District Judge,

I. Introduction

By notice of motion dated September 9, 2009 (Docket Item 34) defendant New York City Department of Correction ("NYCDOC"), moves to dismiss the pro se plaintiff's complaint pursuant to Rules 4(m), 41(b), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, I respectfully recommend that the motion be granted on consent with respect to the NYCDOC only and denied in all other respects.

II. <u>Facts</u>[1]

    A. <u>Facts Underlying</u>
       <u>the Complaint</u>

Plaintiff's claim arises from allegedly unsanitary conditions he was subjected to while in the custody of the NYCDOC and incarcerated at Rikers Island. On three occasions between December 3 and December 14, 2007, the toilet in plaintiff's cell overflowed and contaminated the cell with the products of elimination. The flooding was apparently the result of a problem in the drains that the NYCDOC was attempting to address; plaintiff was told a plumber had been called. It also appears that plaintiff and inmates from other affected cells were removed to other locations during the worst of the flooding. Plaintiff also alleges that after the flooding, he was not given appropriate equipment (an unspecified "mask" and gloves) to clean his cell. After plaintiff requested to be moved on December 14, 2007, he was relocated to another part of the prison and later moved to another facility. Plaintiff claims to have suffered severe headaches and dizziness as a result of the flooding.

---

[1] The facts set forth herein are drawn from plaintiff's second amended complaint (Second Amended Complaint, dated May 2, 2009 (Docket Item 30)).

B.  Procedural History

Plaintiff's initial complaint named the NYCDOC, Correction Officers "Hernandezs," "Sweeten," and Harris, and two Jane Does as defendants (Complaint, dated Feb. 12, 2008 (Docket Item 2)).  The United States Marshals served the NYCDOC on June 17, 2008, but its attempts to serve the individual defendants on that date were unsuccessful (Process Receipts, dated June 17, 2008 (Docket Items 3-5, 7)).  The process receipts indicate that the Marshals were unable to serve "Hernandezs" or Harris because plaintiff had not provided a first name or shield number for these defendants (Docket Items 3, 5).  The process receipt for "Sweeten" reads "[p]lease check spelling of name" (Docket Item 4).

On July 7, 2008, the Honorable Richard J. Sullivan, United States District Judge, ordered plaintiff to show good cause for failing to serve his complaint within 120 days of its filing (Order, dated July 7, 2008 (Docket Item 6)).  Plaintiff responded on July 15, 2008, indicating that he needed assistance in identifying two of the defendants (Letter from plaintiff to the Honorable Richard J. Sullivan, dated July 15, 2008 (Docket Item 9)).  Judge Sullivan found that plaintiff had shown good cause for failing to timely serve his complaint and directed the

NYCDOC to provide plaintiff with defendants' names and addresses. Judge Sullivan further directed plaintiff to file an amended complaint no later than 30 days after receiving this identifying information and to then request a service package, fill out the required forms and provide the Marshals with the documents necessary to effectuate service (Order, dated August 25, 2008 (Docket Item 14)).

On October 14, 2008, Judge Sullivan directed plaintiff to file his amended complaint no later than November 14, 2008 (Order, dated October 14, 2008 (Docket Item 15)). On November 12, 2008, plaintiff filed an application to compel defendants to provide the names of the remaining John Doe defendants (Notice of Motion to Amended Complain[t], dated November 3, 2008 (Docket Item 16)). Judge Sullivan denied the motion but gave plaintiff yet another extension -- until December 8, 2008 -- to file an amended complaint, repeating his directions regarding service (Order, dated November 19, 2008 (Docket Item 17)). In an order dated December 1, 2008, Judge Sullivan again extended plaintiff's deadline to January 5, 2009 because plaintiff had been moved to another facility and again repeated his instructions regarding service (Order, dated Dec. 1, 2008 (Docket Item 18)). On January 8, 2009, Judge Sullivan issued an order stating that "[p]laintiff appears to have faithfully complied with the Court's December 1,

4

2008 Order," but found that the complaint submitted by plaintiff was insufficient because it did not contain allegations. Accordingly, Judge Sullivan ordered plaintiff to file a proper amended complaint no later than February 9, 2009 and once again repeated his direction regarding service (Order, dated January 8, 2009 (Docket Item 21)). The November 19, 2008, December 1, 2008 and January 8, 2009 Orders all warned plaintiff that failure to comply with the stated deadlines could result in dismissal of plaintiff's claims against the individual defendants. On February 5, 2009, plaintiff filed an amended complaint that added the first names, correctly spelled last names and badge numbers of all named defendants. The amended complaint also added a third Jane Doe Defendant (Amended Complaint, dated Feb. 2, 2009 (Docket Item 23)).

On April 23, 2009, I received a letter from plaintiff indicating that he had received the names of two Jane Doe defendants from the NYCDOC and that he wished to file a second amended complaint that added these new defendants (Letter from Plaintiff to Steven D. Webber, dated Mar. 11, 2009). On April 27, 2009, I issued an endorsed order granting plaintiff's application to file a second amended complaint (Endorsement, dated Apr. 27, 2009 (Docket Item 28)). On May 6, 2009, plaintiff filed a second amended complaint that added defendants Deputy Yolanda Canty and

Captain Kelly Lester (Second Amended Complaint, dated May 2, 2009 (Docket Item 30)).  On May 11, 2009, I amended my April 27, 2009 Order to direct plaintiff to serve and file his second amended complaint no later than June 30, 2009 (Amended Endorsement, dated May 11, 2009 (Docket Item 29)).  According to the docket sheet, amended summonses were not issued for all defendants until October 23, 2009 and defendants Sweeting, Harris, Canty and Lester were served on November 12, 2009 (Process Receipts, dated Nov. 12, 2009 (Docket Items 42-45)).  Defendant Hernandez was not served; she is on long term sick leave (Process Receipt, dated Nov. 12, 2009 (Docket Item 41)).

      The NYCDOC argues that the complaint should be dismissed pursuant to Fed.R.Civ.P. 4(m) because plaintiff did not serve any of the defendants within 120 days of filing the second amended complaint or before the June 30, 2009 deadline set in my May 11, 2009 Order.  The NYCDOC further argues that the complaint should be dismissed pursuant to Fed.R.Civ.P. 41(b) because plaintiff's failure to serve defendants violated my May 11, 2009 Order and other orders of the court.  In addition, the NYCDOC argues that plaintiff's claims against them should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the NYCDOC is not a suable entity and, even if plaintiff intended to name the City of New York as a defendant, he has not adequately alleged a munici-

pal policy or practice.  The NYCDOC also argues that even if the second amended complaint were deemed to assert a claim against the City of New York, deemed to allege that the constitutional violation occurred pursuant to a policy or practice, and the overflowing toilet in plaintiff's cell were assumed to create a sufficiently serious threat to plaintiff's health, the claim would still have to be dismissed because plaintiff has not alleged facts suggesting that the individual defendants were deliberately indifferent to the problem.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Since plaintiff has not alleged facts sufficient to state a claim against the individual defendants, NYCDOC argues that it necessarily follows there can be no claim against the city of New York.

On September 19, 2009, plaintiff responded to the NYCDOC's motion stating that he "never received the form to serve the 2 Defendants with the Summons.  I requested the Court [a] while back I wrote to the clerk for the form never received any" (Responses, dated Sept. 13, 2009 (Docket Items 32- 33[2])).  Plaintiff sent two additional letters, dated October 2 and 3, 2009, in which he states that he wrote to the Pro Se office requesting the forms to complete service on March 11, 2009 and August 3, 2009,

---

[2]Docket Items 32 and 33 are two versions of the same document.

and that "without the necessary forms plaintiff cannot proceed." He also states that he "concede[s] to the dissmissal [sic] against the Municipal Agency" (Letters from Plaintiff to the Honorable Henry B. Pitman, dated October 2 and 3, 2009). On October 22, 2009, I contacted the Pro Se Office and asked if it had any knowledge of plaintiff's March 11, 2009 and August 3, 2009 requests and the claimed lack of response. The Pro Se Office responded on October 26, 2009, advising that it had inadvertently failed to respond to plaintiff's requests and did not send the service packages to plaintiff until October 23, 2009.

III. <u>Analysis</u>

      Because plaintiff has agreed to the dismissal of all claims against the NYCDOC, to the extent the NYCDOC's motion seeks to dismiss plaintiff's claims against it pursuant to Fed.R.Civ.P. 12(b)(6), the motion is granted on consent.[3] The

---

[3]The second amended complaint does not allege any claims against the city of New York nor can it fairly be read to assert such a claim. Since plaintiff does not allege any claims against the City of New York, I decline to address NYCDOC's arguments that any claim asserted against the City would be futile because plaintiff has failed to allege that the alleged constitutional violation occurred pursuant to a policy or custom and has failed to allege facts suggesting the individual defendants were deliberately indifferent to a serious threat to plaintiff's

(continued...)

NYCDOC's only remaining arguments, therefore, are that the complaint should be dismissed pursuant to Fed.R.Civ.P. 4(m) and 41(b) because plaintiff failed to serve defendants within 120 days of filing his complaint and because plaintiff violated my May 11, 2009 Order and other orders of the court by failing to timely serve defendants.

    A.   <u>Fed.R.Civ.P. 4(m)</u>

The NYCDOC first moves to dismiss the complaint pursuant to Fed.R.Civ.P. 4(m) because plaintiff failed to serve defendants within 120 days of filing his second amended complaint (Defendant New York City Department of Correction's Memorandum of Law in Support of its Motion to Dismiss the Complaint, dated Sept. 9, 2009 (Docket Item 35), ("Def's Mem."), at 7-9).[4]  Rule 4(m) provides that a complaint may be dismissed without prejudice if a plaintiff fails to serve a defendant within 120 days of filing the complaint.  The Rule also provides that "if the plaintiff shows good cause for the failure, the court must extend

---

[3](...continued)
health or safety.  It is simply premature to discuss the potential flaws in claims that are not currently alleged.

[4]The NYCDOC also states that plaintiff's failure to serve defendants before the deadline set in my May 11, 2009 Order warrants dismissal under Fed.R.Civ.P. 4(m)(Def's Mem. at 9). Rule 4(m) does not, however, authorize dismissal for failure to comply with a court-ordered deadline for service.

the time for service for an appropriate period."  "In determining whether a plaintiff has shown good cause, courts in this Circuit consider whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service."  Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 118 (S.D.N.Y. 2010) (Leisure, D.J.), citing Shider v. Commc'ns Workers of Am., 95 Civ. 4908 (SS), 1999 WL 673345, at *2 (S.D.N.Y. Aug. 30, 1999) (Sotomayor, J.); Spear v. Hugles, 08 Civ. 4026 (SAS), 2009 WL 2176725 at *2 (S.D.N.Y. July 20, 2009) (Scheindlin, D.J.).

   Plaintiff failed to serve defendants within 120 days because, despite his repeated requests to the Pro Se Office, he was not provided with a service package.  Plaintiff, thus, made reasonable efforts to effectuate service.  Furthermore, the NYCDOC has not indicated any way in which it was prejudiced by plaintiff's delay in service.  Plaintiff has, therefore, made a showing of good cause for failure to serve defendants within 120 days of filing his complaint.  See Bogle-Assegai v. Connecticut, 470 F.3d 498, 508 (2d Cir. 2006), citing Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986) (incarcerated pro se plaintiff shows good cause where he has "done everything in his power to effect personal service through the Marshal[]s Service").

B.  Fed.R.Civ.P. 41(b)

The NYCDOC also moves to dismiss the complaint pursuant to Fed.R.Civ.P. 41(b) on the grounds that plaintiff has violated my May 11, 2009 Order and other orders of this court by failing to serve defendants. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal pursuant to Rule 41(b), however, is "a 'harsh remedy' that [is] 'appropriate only in extreme circumstances.'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998), quoting Lucas v. Miles, 84 F.3d 532, 535 (2nd Cir. 1996). Moreover, "pro se plaintiffs should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Spencer v. Doe, supra, 139 F.3d at 112, quoting Lucas v. Miles, supra, 84 F.3d at 535 ("District courts 'should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant.'"). The relevant factors for deciding whether to grant a motion to dismiss pursuant to Rule 41(b) are:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar

>    congestion and protecting a party's right to due pro-
>    cess and a fair chance to be heard and . . . [5]
>    whether the judge has adequately assessed the efficacy
>    of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., supra, 239 F.3d at 209, citing Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988); accord United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004); Jackson v. Am. Plaza Corp., 08 Civ. 8980 (PKC), 2010 WL 1737769 at *1 (S.D.N.Y. Apr. 22, 2010) (Castel, D.J.); Bonda Indus. (HK) Co., Ltd. v. Talbot Group, LLC, 08 Civ. 5507 (PKL), 2009 WL 159267 at *3 (S.D.N.Y. Jan. 22, 2009) (Leisure, D.J.).

As an initial matter, dismissal pursuant to Rule 41(b) for failure to comply with my May 11th, 2009 Order is inappropriate because plaintiff substantially complied with this Order. Although plaintiff did not serve defendants by June 30, 2009, he was unable to do so only because the Pro Se Office failed to provide him the service package he had requested as early as March 11, 2009.

Similarly plaintiff has complied or substantially complied with the previous orders concerning service. On July 7, 2008, Judge Sullivan ordered plaintiff to show good cause for his failure to timely serve defendants and after plaintiff responded on July 18, 2008, Judge Sullivan found that plaintiff had shown

good cause.  Judge Sullivan's Order dated August 25, 2008 directed plaintiff to file his complaint no later than 30 days after receiving defendants' identifying information and to then request a service package, fill out the required forms and provide the Marshals with the documents necessary for service. Judge Sullivan's November 19, 2008, December 1, 2008, and January 8, 2008 orders repeated these instructions.  After plaintiff filed his amended complaint on February 5, 2009, he requested a service package on March 11, 2009.  Although plaintiff did not serve defendants with his amended complaint, he was unable to do so because of the Pro Se Office's failure to provide him with the service package.

Furthermore, application of the majority of the relevant factors set forth above does not warrant dismissal based on plaintiff's failure to serve defendants.

The first factor -- the duration of plaintiff's failure -- has two elements:  "(1) that the failures were those of the plaintiff, and (2) that these failures were of significant duration."  Spencer v. Doe, supra, 139 F.3d at 113, citing Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994). Although plaintiff's delay in serving the second amended complaint may have been of "significant duration," see Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) ("a

13

matter of months" may constitute a "significant duration" for purposes of Rule 41(b)), the delay is not fairly attributable to plaintiff because he did not have the forms necessary to request the Marshals Service to complete service.

      Moreover, the NYCDOC has not identified any prejudice it suffered as the result of plaintiff's delay in serving the complaint.  The NYCDOC argues that prejudice may be presumed in this case, because plaintiff's delay is unreasonable (Def's Mem. at 12-13).  Whether prejudice may be presumed, however, "turns on the degree to which the delay was lengthy and inexcusable. . . . In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'"  United States ex rel. Drake v. Norden Sys., Inc., supra, 375 F.3d at 256, quoting Lyell Theatre Corp. v. Loews Corp., supra, 682 F.2d at 43.  In this case, plaintiff's delay was excusable based on his lack of the necessary forms through no fault of his own.  I shall not, therefore, presume that defendants have been prejudiced.

      The NYCDOC contends that dismissing plaintiff's complaint strikes the appropriate balance between alleviating calendar congestion and protecting plaintiff's right to due process because although plaintiff had been warned of the consequences of failing to comply with court orders, he repeatedly failed to comply with such orders and failed to serve the indi-

14

vidual defendants with any version of his complaint (Def's Mem. at 13-14).  As the NYCDOC acknowledges, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  Lucas v. Miles, supra, 84 F.3d at 535-36.

Plaintiff has failed to comply with two prior orders of this court:  Judge Sullivan's order of October 14, 2008, directing plaintiff to file his amended complaint no later than November 14, 2008 and my order dated April 15, 2009, directing the parties to make their 26(a)(1) disclosures no later than June 15, 2009.  Defendants were served with plaintiff's second amended complaint approximately one year and eight months after his initial complaint was filed, approximately nine months after plaintiff filed his amended complaint, and approximately six months after the second amended complaint itself was filed.

Any court congestion resulting from plaintiff's conduct is not so great as to outweighs plaintiff's right to be heard. His failure to comply with two court orders has not had an "extreme effect on court congestion," and although deadlines have been repeatedly extended in this case, the majority of such extensions have been due to plaintiff's difficulties as an incarcerated plaintiff proceeding pro se.  Furthermore, although plaintiff's delay in serving defendants was significant, its

15

effect on court congestion should not outweigh plaintiff's right to due process because the delay was not his fault. Judge Sullivan found that at the time of filing his initial complaint, plaintiff possessed insufficient information to properly serve defendants. With respect to the amended complaint, plaintiff's request for a service package shortly after filing went unanswered. Plaintiff's failure to timely serve the second amended complaint can also be attributed to the Pro Se Office's delay in sending him a service package.

Finally, I am not convinced that dismissal of plaintiff's complaint is necessary in order to achieve compliance with the court's orders. The NYCDOC contends that dismissal is appropriate because plaintiff has repeatedly failed to comply with court orders (Def's Mem. at 14-15). Although plaintiff has failed to comply with previous orders of this court, he has demonstrated his willingness to comply with future deadlines because the individual defendants were served less than one month after the Pro Se Office sent plaintiff a service package.[5]

---

[5]In its reply brief, the NYCDOC argues that plaintiff's unanswered request to the Pro Se Office does not constitute good cause or excuse his failure to prosecute because plaintiff did not follow up on this request or request more time for service (Defendant New York City Department of Correction's Reply Memorandum of Law in Further Support of its Motion to Dismiss the Complaint, dated Sept. 23, 2009 (Docket Item 36) at 3-4). I do

(continued...)

Dismissal of plaintiff's complaint based on Fed.R.Civ.P. 41(b) is, therefore, inappropriate.

IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that the NYCDOC's motion to dismiss be granted on consent with respect to the NYCDOC only and denied in all other respects.

V. <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have

---

[5](...continued)
not consider these arguments because they are raised for the first time in the NYCDOC's reply brief. <u>See</u> <u>McBride v. BIC Consumer Prods. Mfg. Co., Inc.</u>, 583 F.3d 92, 96 (2d Cir. 2009); <u>Evangelista v. Ashcroft</u>, 359 F.3d 145, 156 n.4 (2d Cir. 2004). I note, however, that, especially because plaintiff is incarcerated and proceeding <u>pro se</u>, his failure to follow-up on the two unanswered requests for a service package or to request more time for service does not change my conclusion that dismissal pursuant to Fed.R.Civ.P. 4(m) and Fed.R.Civ.P. 41(b) is inappropriate.
   In addition, as discussed in my Memorandum Opinion and Order in this matter, dated November 16, 2009, there is a very serious issue as to whether the temporary plumbing malfunction at issue is serious enough to give rise to a colorable Eighth Amendment claim. The NYCDOC does not address this issue and does not seek dismissal on the ground that the temporary plumbing back-up alleged by plaintiff is not sufficiently serious to give rise to an Eighth Amendment claim. Therefore, I do not address the issue.

fourteen (14) days from the date of this Report and Recommendation to file written objections. See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, United States District Judge, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

    Dated:  New York, New York
            July 23, 2010

                                             SO ORDERED

                                         HENRY PITMAN
                                         United States Magistrate Judge

Copies mailed to:

Mr. Angelo Ortiz
DIN 07-A-6984
Mohawk Correctional Facility
6100 School Road
P.O. Box 8451
Rome, New York  13442-8451

Steven D. Weber, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007