```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-5-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO ORTIZ,

                Plaintiff,

-v-

OFFICER TAMIKA HERNANDEZ # 15756[1], et al.,

                Defendants.

No. 08 Civ. 2195 (RJS) (HBP)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

    Before the Court is the Report and Recommendation (the "Second Report") of the Honorable Henry B. Pitman, Magistrate Judge, recommending that the Individual Defendants'[2] motion to dismiss Plaintiff's Second Amended Complaint (the "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted. For the following reasons, the Court adopts the Second Report in its entirety and dismisses the SAC.

    On March 5, 2007, *pro se* Plaintiff Angleo Ortiz filed a Complaint arising from allegedly unsanitary conditions to which he was subjected while incarcerated on Rikers Island. The original Complaint named New York City's Department of Correction ("NYCDOC"), two Jane Does, and three individual correction officers as Defendants. Plaintiff filed his First Amended Complaint on February 5, 2009. In an Order dated March 27, 2009, the Court referred this

---

[1] In Plaintiff's Second Complaint, this Defendant's surname is spelled "Hernandes," but the parties appear to agree that it is actually spelled "Hernandez" (*see* Pl.'s Objections at 1; Defs.' Resp. at 1). The Clerk of the Court is respectfully directed to correct the caption.

[2] The Individual Defendants are Defendants Officer Tamika Hernandez # 15756, Officer Kaia Sweeting # 12679, Officer Petchula Harris # 14851, Deputy Yolanda Canty # 136, and Captain Kelly Lester # 615.

action to Judge Pitman for general pretrial purposes and for a report and recommendation on any dispositive motions. On May 6, 2009, Plaintiff filed the SAC, which named two Defendants who were previously known only as Jane Doe.

By notice of motion dated September 9, 2009, Defendant NYCDOC moved to dismiss the SAC, pursuant to Rules 4(m), 41(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Due to mistakes by the Court's Pro Se Office, the Individual Defendants had not yet been served with the SAC. On July 23, 2010, Judge Pitman issued a Report and Recommendation (the "First Report") recommending that NYCDOC's motion be granted pursuant to Rule 12(b)(6) on consent and denied in all other respects. In an Order dated August 10, 2010, the Court adopted Judge Pitman's First Report and dismissed Plaintiff's case against NYCDOC.

The Individual Defendants filed their motion to dismiss on October 29, 2010. Judge Pitman issued his Second Report on April 29, 2011. In the Second Report, Judge Pitman first found that, because the Individual Defendants did not argue that Plaintiff had failed to exhaust his administrative remedies, they had waived that defense. (Second Report at 9.) Turning to the merits of Plaintiff's claims, Judge Pitman noted that the Supreme Court has laid out a two-part test for determining whether prison conditions violate the Eighth Amendment in *Farmer v. Brennan*, 511 U.S. 825 (1994). Under the first prong, the conditions "must be, objectively, sufficiently serious," and under the second prong, prison officials must be "deliberatively indifferen[t] to inmate health or safety." *See id.* at 834 (internal quotation marks omitted). (*See* Second Report at 12.) Judge Pitman found that Plaintiff had failed to meet either prong. (*Id.* at 20, 23.) Judge Pitman also briefly noted that Defendant Hernandez "appear[ed] to have a valid defense pursuant to Fed.R.Civ.P. 12(b)(2)" because she was not served, but did not reach this issue because plaintiff failed to state a claim. (*Id.* at 25 n.3.) Copies of the Second Report were

mailed to Plaintiff and Defendants on April 29, 2011. The Second Report advised the parties that failure to file objections within the statutory period would constitute waiver of those objections on appeal. *See* 28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b)(2). Plaintiff submitted timely objections.

When no party objects to a report and recommendation, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). When a party objects, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). "[I]f the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Dawson v. Phillips*, No. 03 Civ. 8632 (RJS) (THK), 2008 WL 818539, at *1 (S.D.N.Y. Mar. 25, 2008) (internal quotation marks omitted). However, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) (explaining that § 636(b)(1) "affords the district court broad latitude" in reviewing the magistrate judge's recommendation).

In a submission dated May 4, 2011, Plaintiff makes six objections to Judge Pitman's Second Report. (*See* Pl.'s Objections at 1-3.) Of these objections, one – listed by Plaintiff as Objection (5)(D) – is nonsensical, providing only the heading "Principles to Plaintiff's Claim,"

and does not require the Court to review the Second Report for anything more than clear error. Two others – listed by Plaintiff as Objections (1) and (6)(E) – can be broadly construed to challenge Judge Pitman's finding that Defendant Hernandez was not properly served. As this portion of the Second Report is dicta, the Court's review of this issue would not change the outcome. The Court therefore declines to review this portion of Judge Pitman's Second Report.

In the three remaining objections – listed by Plaintiff as Objections (2)(A), (3)(B), and (4)(C) – Plaintiff asserts additional facts and arguments concerning his medical condition and Defendants' conduct. Specifically, Plaintiff contends that he suffered not only headaches and dizziness, but also emotional stress. (*See* Pl.'s Objections at 1.) He also alleges that he required treatment for his liver, as well as shots and pills to boost his white cell count and because he was weak. (*Id.* at 1-2.) In addition, Plaintiff contends that "Defendants did not follow policy and procedure or follow rules and regulations," and were not properly trained. (*Id.* at 2.)[3] However, Plaintiff did not raise these allegations before Judge Pitman. "[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate . . . ." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until

---

[3] Objections 3(B) and 4(C) are given the headings "Exhaustion Requirement" and "Standards Applicable," respectively, but then raise issues unrelated to those headings. To the extent that these objections could be read to challenge Judge Pitman's findings on the exhaustion requirement and the applicable legal standards, they are far too general to require *de novo* review. In addition, with regard to the exhaustion requirement, Judge Pitman ruled in Plaintiff's favor.

a Report is issued to advance additional arguments.") The Court declines to consider these untimely arguments.[4] Therefore, the Court reviews the Second Report for clear error only.

After careful review of Judge Pitman's thorough and well-reasoned Second Report, the Court finds no clear error and adopts the Second Report in its entirety. For the reasons set forth therein, IT IS HEREBY ORDERED that the Individual Defendants' motion is granted. The Clerk of the Court is respectfully directed to terminate the motion located at docket number 57 and to close this case.

SO ORDERED.

Dated:   July 5, 2011
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[4] Even if the Court were to entertain these new arguments out of deference to Plaintiff's *pro se* status, they would not alter the outcome. Assuming *arguendo* that Plaintiff's arguments about emotional stress, liver treatment, shots, and pills would satisfy the first *Farmer* prong, an unlikely leap, Plaintiff's vague claims of Defendants' failure to follow procedure and regulations would be insufficient to meet the second part of the test – deliberate indifference – upon *de novo* review. "General, conclusory allegations need not be credited, . . . when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). As Judge Pitman details in his Second Report, the allegations in the SAC demonstrate that the Individual Defendants took timely action to alleviate Plaintiff's exposure to the conditions of his cell. (*See* Second Report at 24-25; SAC at 3, continuation of page 3.) This is the exact opposite of deliberate indifference. Moreover, while an allegation of improper training might be relevant to claims against NYCDOC, it should be noted that all claims against that Defendant were dismissed by the Court's Order dated August 10, 2010.

Copies Mailed To:

Angelo Ortiz
07-A-6984
Mohawk Correctional Facility
6100 School Road
PO Box 8451
Rome, NY 13442

Lesley Berson Mbaye
New York City Law Department
100 Church Street
New York, NY 10007